UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DARRYL BURGHARDT,                    )   Case No. CV 14-4677-JAK (DFM)
                                     )
                Petitioner,          )
                                     )   Final Report and Recommendation of
        v.                           )   United States Magistrate Judge
                                     )
JEFFREY BEARD,                       )
                                     )
                Respondent.          )
                                     )
                                     )

    This Final Report and Recommendation is submitted to the Honorable John A. Kronstadt, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.[1]

*/ / /*

_____

[1] This Final Report and Recommendation has been issued to address new equitable-tolling arguments presented in Petitioner's objections (Dkt. 22; hereinafter "Objections") to the original Report and Recommendation filed on February 4, 2015 (Dkt. 12). As these changes do not affect the Court's conclusions, Petitioner has not been given an opportunity to file additional objections.

# I.

## BACKGROUND

A jury convicted Petitioner Darryl Burghardt ("Petitioner") of attempted first-degree murder, shooting at an inhabited dwelling, assault with a firearm, and misdemeanor assault and battery. 1 Clerk's Transcript ("CT") 159-63. The jury also found true gang and firearm-use allegations. Id. On September 15, 2010, Petitioner was sentenced to life in state prison for the attempted murder, plus 20 years for the firearm enhancements, plus a 60-day county jail term for the misdemeanor assault. 1 CT 203-11.

Petitioner filed a direct appeal, and the California Court of Appeal affirmed Petitioner's conviction on April 7, 2012. Respondent's Notice of Lodgment, Lodged Document ("LD") 1, 2. Petitioner filed a petition for review in the California Supreme Court, which was summarily denied on July 11, 2012. LD 3, 4. Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on November 5, 2012. LD 5, 6.

Petitioner then filed a series of state habeas petitions. On June 2, 2013, Petitioner filed a habeas corpus petition in the Los Angeles County Superior Court, which was denied on June 17, 2013. LD 7, 8.[2] On August 4, 2013, Petitioner filed a habeas corpus petition in the California Court of Appeal, which was denied on August 7, 2013. LD 9, 10.  Petitioner then filed a second petition for writ of certiorari in the United States Supreme Court, which was denied on October 7, 2013. LD 13. On February 9, 2014, Petitioner filed a

---

[2] The filing date of June 2, 2013, applies because Petitioner is entitled to application of the prison "mailbox rule." Houston v. Lack, 487 U.S. 266, 276 (1988); see also Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").

petition for writ of habeas corpus in the California Supreme Court, which was summarily denied on February 13, 2014. LD 11, 12.

Petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody on June 12, 2014. Dkt. 1 ("Petition"). On September 22, 2014, Respondent filed a motion to dismiss the Petition on the ground that it was untimely filed. Dkt. 10 ("Motion"). Petitioner did not file an opposition to Respondent's motion to dismiss.

For the reasons discussed below, the Court finds that the Petition is untimely and therefore recommends that it be dismissed with prejudice.

## II.

## DISCUSSION

### A.  The Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four alternative accrual dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, including this one, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Where a petitioner pursues a direct appeal to the California Supreme Court, the limitations period begins to run when either the United States Supreme Court has denied a petition for writ of certiorari or, if no petition for certiorari is filed, when the ninety-day period for filing has expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Here, the United States Supreme Court denied Petitioner's certiorari petition on November 5, 2012. See LD 6. Petitioner therefore had one year, or until November 5, 2013, to timely file a habeas petition in this Court. The Petition was not filed until June 12, 2014.

Absent some basis for tolling the limitations period, the Petition is untimely.

**B.    Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds in a hierarchical order from one lower state court to a higher state court. See Carey v. Saffold, 536 U.S. 214, 223 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions. Id.

Here, the state-court judgment became final on November 5, 2012. Petitioner filed a habeas corpus petition in Los Angeles County Superior Court on June 2, 2013. Because no state habeas petition was pending between those two dates, Petitioner is not entitled to tolling of the limitations period for that period of time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Accordingly, as of June 2, 2013, Petitioner had 156 days left in the one-year limitations period.

The Superior Court denied Petitioner's habeas corpus petition on June 17, 2013. On August 4, 2013, Petitioner filed a habeas corpus petition in the California Court of Appeal, which was denied on August 7, 2013. Because Petitioner's habeas petition was filed in the state appellate court in a "reasonable" amount of time after the Superior Court denied his habeas petition, Petitioner is entitled to "gap tolling" for this period. See Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (finding that 30- to 60-day delay in filing is "reasonable"). Accordingly, as of August 7, 2013, Petitioner still had 156 days left in the one-year limitations period.

After the state appellate court denied his petition on August 7, 2013,

4

Petitioner did not file a habeas petition in the California Supreme Court until February 9, 2014. Petitioner did not oppose Respondent's motion to dismiss; the Court therefore has nothing before it to justify this six-month delay. Statutory tolling is not available for this period because an unjustified delay of 186 days is not reasonable. See Evans v. Chavis, 546 U.S. 189, 191-92 (2006); see also Stancle v. Clay, 692 F.3d 948, 956 (9th Cir. 2012) (holding that unjustified delay of 82 days was unreasonable); Velasquez, 639 F.3d at 968 (finding unjustified delays of 92 and 81 days).

As noted above, Petitioner had 156 days remaining in the limitations period as of August 7, 2013. Accordingly, Petitioner's limitations period expired 156 days after August 7, 2013, or on January 10, 2014. Petitioner's second certiorari petition to the United States Supreme Court, which was denied on October 7, 2013, does not toll the limitations period. A petition for writ of certiorari "is not part of a 'State's post-conviction procedures,'" and therefore does not toll the limitations period. See Lawrence v. Florida, 549 U.S. 327, 332 (2007).

Petitioner did not file his habeas petition in the California Supreme Court until February 8, 2014, almost a month after the limitations period expired. Because this habeas petition was filed after the limitations period had elapsed, Petitioner is not entitled to any statutory tolling for this habeas petition. See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that section 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).

Accordingly, the Court finds that even after statutory tolling, AEDPA's one-year limitations period expired on January 10, 2014. However, Petitioner did not file his habeas corpus petition in this Court until June 12, 2014, more

1   than five months too late.

2   **C.   <u>Equitable Tolling</u>**

3        The Supreme Court has recognized that AEDPA's limitations period is

4   subject to equitable tolling in appropriate cases. <u>Holland v. Florida</u>, 560 U.S.

5   631, 648 (2010). However, in order to be entitled to equitable tolling, the

6   petitioner must show establish that: (1) he has been pursuing his rights

7   diligently and (2) some extraordinary circumstance stood in his way. <u>Id.</u> at

8   649. "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is

9   very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d

10   1063, 1066 (9th Cir. 2002) (internal quotation marks omitted). Petitioner must

11   prove that the alleged extraordinary circumstance was a proximate cause of his

12   untimeliness and made it impossible to file a petition on time. <u>Ramirez v.</u>

13   <u>Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009); <u>see also</u> <u>Roy v. Lampert</u>, 465 F.3d

14   964, 973 (9th Cir. 2006) (citing <u>Stillman v. Lamarque</u>, 319 F.3d 1199, 1203

15   (9th Cir. 2003)).

16        Petitioner did not file an opposition to Respondent's motion to dismiss.

17   In the Court's original Report and Recommendation, it cited this failure and

18   noted that Petitioner had thus made no showing of his entitlement to equitable

19   tolling. The Court told Petitioner that if he could make such a showing, he

20   should do so in objections to the Report and Recommendation.

21   As noted above, <u>see</u> note 1, <u>supra</u>, Petitioner filed objections and argued that

22   he was entitled to equitable tolling. <u>See</u> Objections at 5-9. In particular,

23   Petitioner argued that he was entitled to equitable tolling for the period of

24   August 30, 2013, to February 3, 2014, because prison officials failed to provide

25   him with photocopy services and returned documents mailed to him by his

26   relatives for being too heavy. <u>Id.</u> These circumstances, Petitioner argues,

27   prevented him from filing his state habeas petition in the California Supreme

28   Court for more than five months. <u>Id.</u> The Court asked Respondent to address

1   Petitioner's new equitable-tolling argument, which Respondent did by filing a
2   response. See Dkt. 27.
3          The Court finds that Petitioner is not entitled to equitable tolling.
4   Ordinary prison limitations such as restrictions on mail and photocopier access
5   generally do not warrant equitable tolling. See Ramirez v. Yates, 571 F.3d 993,
6   998 (9th Cir. 2009) ("Ordinary prison limitations on [a prisoner's] access to the
7   law library and copier . . . were neither 'extraordinary' nor made it 'impossible'
8   for him to file his petition in a timely manner."). Moreover, the exhibits to
9   Petitioner's objections show that prison officials repeatedly told Petitioner that
10  his requests for copying were disallowed because he requested an excessive
11  number of copies. See, e.g., Dkt. 22-1 at 4. As Respondent explains, Petitioner
12  misapprehended the number of copies of supporting documents required by
13  the California Supreme Court. See Dkt. 22 at 5-6. Likewise, while deprivation
14  of legal materials may constitute an external impediment for which equitable
15  tolling may be available, see Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir.
16  2002), here any delay due to Petitioner's separation from his legal documents
17  was caused by Petitioner's choice to send his state habeas petition and exhibits
18  to relatives for photocopying. The Ninth Circuit has rejected equitable-tolling
19  claims where a petitioner is deprived of access to his legal materials as a result
20  of his own voluntary act. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir.
21  2010) (denying equitable tolling because petitioner entrusted jailhouse lawyer
22  with his documents "at his peril"). Petitioner's decision to seek his own
23  remedy to the photocopying difficulties caused by his own misunderstanding
24  of what the California Supreme Court required does not constitute an
25  extraordinary circumstance.
26  ///
27  ///
28  ///

## III.

## CONCLUSION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Final Report and Recommendation; (2) granting Respondent's motion to dismiss; and (3) directing that Judgment be issued denying the Petition and dismissing this action with prejudice.

Dated: October 27, 2015

**DOUGLAS F. McCORMICK**

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

8